Dear Mr. Elliott:
You have requested an opinion of this office relative to the licensing of video draw poker devices at truck stop facilities.
You point out that in the Regular Session of 1994 the Legislature placed the following language in H.B. 1 which became Act 15 (The General Appropriation Act):
 § 13C. None of the monies appropriated in this Act, or in Act No. 14 of the 1993 Regular Session of the Legislature, may be expended for the purposes of any activity related to the processing or issuance of any new license for video poker devices at truck stops or convenience stores.
By attempting to prohibit the use of general appropriation act funding, the ultimate effect of paragraph C of Act 15 would be to suspend the ability of the Video Gaming Division, Gaming Enforcement Section, Office of State Police, Department of Public Safety and Corrections to perform its statutory functions under the Video Draw Poker licensing law, R.S. 33:4862.1 et seq. for issuance of new licenses for truck stop facilities.
We have reviewed the issues in light of Henry v. Edwards,346 So.2d 153 (La. 1977) and believe that the language contained in Paragraph C may be unconstitutional as being inappropriate for insertion in the General Appropriation Act, in particular because of the Supreme Court's opinion on Vetoes #1, 2, 5, 6, 7, and 11.
Paragraph C is an apparent collateral attempt to suspend the substantive authority to issue video poker licenses to truck stops, where such authority exists pursuant to R.S. 33:4862.1 et seq. As such, Paragraph C constitutes substantive law within the General Appropriations Act.
Furthermore, Paragraph C may be viewed as substantive non-fiscal legislation which does not pertain to a general appropriation bill; a capital budget bill; for making an appropriation; new taxes, or exemptions etc.; for taxes; or for the issuance of debt. Thus, serious constitutional questions also exist regarding the adoption of such a provision at a regular session in an even-numbered year (La. Const. Art. III, § 2, limits such sessions to the consideration of fiscal matters).
Additionally, H.B. 419, relative to the "Video Poker Devices Control Law", made numerous amendments regarding that law. H.B. 419 has become Act 13 of the Third Extraordinary Session of 1994. R.S. 33:4862.6 as amended by Act 13 prescribes qualifications for licensees for video poker gaming activities. It should be noted that § 4862.6 A(7) pertains to the issuance of new licenses for truck stop facilities for the conduct of video draw poker devices.
Thus, the legislature clearly intended in the later expressed legislation that the Video Gaming Division maintain the power and authority to issue new truck stop video draw poker licenses. Therefore, because of the latest expression of an intent to authorize licensing of new licensees in Act 13 of the Third Extraordinary Session, the Legislature has impliedly repealed Section C and monies appropriated to the Office of State Police may be used for the processing and issuance for video poker devices at truck stops.
Because we have found that Act 13 has tacitly repealed by the provisions in § 13C, we find that it is unnecessary to specifically delve into whether § 13C is unconstitutional as we discussed above.
Very truly yours,
RICHARD P. IEYOUB ATTORNEY GENERAL RPI:KCD:ams:0061y cc: Honorable Edwin Edwards Honorable Mary Landrieu Mr. Raymond Laborde